IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANDREW JAMES GASTON, <br> AIS #00260494, <br><br> Petitioner, <br><br> v. <br><br> LEEPOSEY DANIELS,[1] <br><br> Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 12-00040-WS-N <br> ) <br> ) <br> ) <br> ) |

## REPORT AND RECOMMENDATION

Petitioner Andrew James Gaston ("Gaston"), an Alabama prisoner proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 (Doc. 1). The Respondent has timely filed an Answer (Doc. 13) to the petition. Upon the undersigned's review of the Answer, Gaston was ordered to reply in writing and "SHOW CAUSE (i.e., extraordinary circumstances), why his habeas petition ought not be denied as barred by the applicable statute of limitations set forth in 28 U.S.C. § 2244(d)(1) as well as the other reasons stated by the Respondent[.]" (Doc. 15). After being granted several extensions of time to do so, Gaston filed his reply (Doc. 28) to the "show cause" order. The petition has been taken under submission and is ripe for disposition. (*See* Doc. 22).

---

[1] A review of the Alabama Department of Corrections's online prisoner locator (http://www.doc.state.al.us/InmateInfo.aspx (last visited Aug. 4, 2014)) indicates that Gaston has been relocated to Elmore Correctional Facility, 3520 Marion Spillway Rd., Elmore, AL 36025, since he last updated the Court as to his place of incarceration. Accordingly, Leeposey Daniels, warden of Elmore Correctional Facility (*see* http://www.doc.state.al.us/FacAddr.aspx (last visited Aug. 4, 2014)), is substituted for Warden Gary Hetzel as the Respondent in this habeas action.

This matter has been referred to the undersigned United States Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts, and SD ALA Local Rule 72.2(c)(4). Upon consideration, and for the reasons stated herein, it is **RECOMMENDED** that Gaston's habeas petition (Doc. 1) be **DISMISSED with prejudice** as time-barred. Should this recommendation be adopted, it is further **RECOMMENDED** that Gaston be found not entitled either to a Certificate of Appealability or to proceed *in forma pauperis* on appeal.[2]

## I.    Applicable Background

On August 10, 2007, the grand jury of the Circuit Court of Clarke County, Alabama, indicted Gaston for Rape in the First Degree in violation of Ala. Code § 13A-6-61. (Doc. 13-6 [Indictment]). On June 23, 2008, Gaston pleaded guilty pursuant to a plea agreement to a lesser-included offense of Rape in the Second Degree. (Doc. 13-7 [Plea Agreement]). A sentence hearing was held on August 12, 2008, at which time the circuit judge sentenced Gaston to 15 years imprisonment as agreed.[3] (*See* Doc. 13-1 [Case Action Summary]; Doc. 13-8 [Sentencing Order]). Gaston did not directly appeal his guilty plea conviction and sentence.

---

[2] The undersigned finds that an evidentiary hearing under 28 U.S.C. § 2254(e)(2) and Rule 8 of the Federal Rules Governing Section 2254 Cases in the United States District Courts is not necessary to adequately dispose of the petition.

[3] Because Gaston was convicted and sentenced in Clarke County, which is encompassed by this judicial district, this Court has jurisdiction to entertain his habeas petition. *See* 28 U.S.C. § 2241(d).

2

On December 3, 2008,[4] Gaston filed his first petition under Alabama Rule of Criminal Procedure 32 with the Clarke County Circuit Clerk's office and therein asserted a single claim, namely that he should have received a competency hearing. (*See* Doc. 13-9). On January 26, 2009, the circuit court denied Gaston relief and dismissed his Rule 32 petition. (*See* Doc. 13-2 [First Rule 32 Petition Case Action Summary]; Doc. 13-12 [Order denying first Rule 32 petition]). Gaston did not timely appeal the denial of his first Rule 32 petition to the Alabama Court of Criminal Appeals. (*See* Doc. 13-2 at 3; Doc. 13-13).

In a filing with the circuit court styled "Motion for Due Process of Law on Appeal" and dated March 16, 2009, Gaston claims that he timely filed a notice of appeal on February 6, 2009. (Doc. 13-13 at 1-3). However, a letter to Gaston from the Clerk of the Alabama Court of Criminal Appeals dated May 1, 2009, stated that the court "has not received a notice of appeal" in regards to the denial of his first Rule 32 petition. (Doc. 13-13 at 4). By letter dated May 27, 2009, the Clerk returned a notice of appeal filed by Gaston with the Court of Criminal Appeals so that Gaston could file the notice with the clerk of the Clarke County Circuit Court

---

[4] The dates of Gaston's post-conviction filings noted herein are determined by application of the "mailbox rule" applicable to prisoners, which Alabama courts recognize. *See Ex parte Allen*, 825 So. 2d 271, 272 (Ala. 2002) ("Alabama courts have held that a pro se incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing." (citing *Holland v. State*, 621 So. 2d 373, 375 (Ala. Crim. App. 1993) ("[W]e hold that a pro se incarcerated petitioner 'files' a Rule 32 petition when he hands the petition over to prison authorities for mailing."); *Chavis v. Wise*, No. 1:09-CV-574-WKW, 2013 WL 3287104, at n.5 (M.D. Ala. June 28, 2013); *See* Ala. R. App. P. 4(c) ("If an inmate confined in an institution and proceeding pro se files a notice of appeal in either a civil or a criminal case, the notice will be considered timely filed if it is deposited in the institution's internal mail system on or before the last day for filing…Timely filing may be shown by a notarized statement that sets forth the date the filing was deposited in the institution's mail system.").

3

in accordance with Ala. R. App. P. 4. (Doc. 13-13 at 5). By letter dated September 10, 2009, the Clerk again informed Gaston that his appeal had yet to be transmitted to the Court of Criminal Appeals. (Doc. 13-13 at 6). The Clerk of the Court of Criminal Appeals copied the Clarke County Circuit Court clerk "requesting that he promptly transmit any unprocessed notices of appeal…that he might have in his possession" or, if the circuit court clerk had not received Gaston's appeal, to inform Gaston of that fact. (*Id.*). By letter to Gaston dated September 24, 2009, the Clarke County Circuit Court clerk stated that his "office has not received a notice of appeal" in Gaston's first Rule 32 case. (Doc. 13-13 at 7).

On January 27, 2010, Gaston filed his second Rule 32 petition and therein asserted a single claim, namely that he should have been allowed to appeal the denial of his competency issue in his first Rule 32 petition.[5] (*See* Doc. 13-14). The second Rule 32 petition was denied and dismissed on April 15, 2010. (*See* Doc. 13-16 [Order denying second Rule 32 petition]; Doc. 13-3 [Second Rule 32 Petition Case Action Summary]). Gaston did not appeal the denial of his second Rule 32 petition to the Alabama Court of Criminal Appeals. (*See* Doc. 1 at 5; Doc. 13-3).

Gaston filed his third Rule 32 petition on July 7, 2010, attacking his rape conviction on several grounds, including the ground that his original indictment

---

[5] *See Ex parte V.S.*, 918 So. 2d 908, 912 n.3 (Ala. 2005) ("On January 13, 2005, this Court adopted an order amending Rule 32.1(f), Ala. R. Crim. P., effective June 1, 2005. The amended rule provides that a petitioner may obtain an out-of-time appeal if '[t]he petitioner failed to appeal within the prescribed time from the conviction or sentence itself or from the dismissal or denial of a petition previously filed pursuant to this rule and that failure was without fault on the petitioner's part.' Therefore, after June 1, 2005, the proper method of seeking an out-of-time appeal from the denial of a Rule 32 petition is by filing another Rule 32 petition.").

4

was defective. (*See* Doc. 13-17). The third Rule 32 petition was denied on October 26, 2010. (*See* Doc. 13-19 [Order denying third Rule 32 petition]; Doc. 13-4 [Third Rule 32 Petition Case Action Summary]). Gaston did not appeal the denial of his third Rule 32 petition to the Alabama Court of Criminal Appeals. (Doc. 1 at 5; Doc. 13-4).

Gaston filed the present petition for writ of habeas corpus on January 5, 2012. (Doc. 1 at 13).[6] He raises a single claim, namely that he was improperly indicted because the language of the indictment was insufficient. (Doc. 1 at 7, 12).

## II. The Habeas Petition is Time-Barred

As Gaston's habeas petition was filed after April 24, 1996, it is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2241 *et seq.* ("AEDPA"). *See, e.g., San Martin v. McNeil*, 633 F.3d 1257, 1265 (11th Cir. 2011). "AEDPA imposes a one-year statute of limitations on all federal habeas corpus petitions." *Id.* (citing 28 U.S.C. § 2244(d)(1) ("A 1–year period of limitation shall apply to an application for a writ of habeas corpus ....")). "This rule 'serves the well-recognized interest in the finality of state court judgments' and 'reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review.' " *Id.* (citing *Duncan v. Walker,* 533 U.S. 167, 179 (2001)). As relevant to this action, the statute specifically provides: "The limitation period shall run from the latest of the date on

---

[6] A *pro se* prisoner's federal habeas petition is deemed filed on the date it was delivered to prison authorities for mailing. *See, e.g. Mattern v. Sec'y for Dep't of Corr.*, 494 F.3d 1282, 1284 n.2 (11th Cir. 2007) (*per curiam*).

5

which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A).

In Alabama, a criminal defendant has forty-two (42) days after pronouncement of the sentence to appeal. *See* Ala. R. App. P. 4(b)(1). Gaston was sentenced on August 12, 2008. Consequently, Gaston's judgment became final, and his AEDPA one-year statute of limitations began running, on September 24, 2008, the day following the expiration of Gaston's 42-day window to appeal.

"The AEDPA clock continues to run until the individual seeking review files a state motion for post-conviction relief. Once the petitioner files a motion for post-conviction relief in state court, the AEDPA clock stops." *San Martin*, 633 F.3d at 1266 (citing 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.")). Gaston's first Rule 32 petition was filed on December 3, 2008. By that time, 70 days had lapsed on Gaston's AEDPA clock.

Gaston's first Rule 32 petition was denied on January 26, 2009. Alabama Rule of Criminal Procedure 32.10(a) states: "Any party may appeal the decision of a circuit court according to the procedures of the Alabama Rules of Appellate Procedure to the Court of Criminal Appeals upon taking a timely appeal as provided in Rule 4, Alabama Rules of Appellate Procedure…" As applicable here, Alabama Rule of Appellate Procedure 4(a) states that "in all cases in which an appeal is permitted by law as of right to the supreme court or to a court of appeals, the notice

of appeal…shall be filed with the clerk of the trial court within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from…" The record in this action conclusively establishes that Gaston did not properly take an appeal of the denial of his first Rule 32 petition. Accordingly, Gaston's AEDPA clock began running again on March 10, 2009, the day following the expiration of Gaston's 42-day window to appeal.

By the time Gaston filed his second Rule 32 petition on January 27, 2010, 323 days had elapsed from the time the denial of his first Rule 32 petition became final. Thus, by the time Gaston's second Rule 32 petition was filed, 393 days had elapsed during which Gaston did not have a "properly filed application for State post-conviction or other collateral review" pending. 28 U.S.C. § 2244(d)(2). As such, Gaston's one-year statute of limitations to file a federal habeas petition had expired by the time the second Rule 32 petition was filed. Finally, because Gaston's second and third Rule 32 petitions were both filed after the AEDPA statute of limitations had already run, neither could serve to further toll the statute of limitations. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("[A] state court petition…that is filed following the expiration of the federal limitations period cannot toll that period because there is no period remaining to be tolled." (quotation omitted)).

Moreover, the second Rule 32 petition solely sought an out-of-time appeal of the denial of Gaston's first Rule 32 petition, pursuant to Alabama Rule of Criminal

7

Procedure 32.1(f).[7] Eleventh Circuit precedent is clear that motions for a belated state court appeal filed outside of the AEDPA limitations period, even if ultimately granted, do not serve to revive an expired AEDPA limitations period. *See, e.g., Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("[W]e hold that the petitioner's belated appeal motion was not pending during the limitations period. The statutory tolling provision does not encompass a period of time in which a state prisoner does not have a 'properly filed' post-conviction application actually pending in state court. A state application filed after expiration of the limitations period does not relate back so as to toll idle periods preceding the filing of the federal petition…While a 'properly filed" application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired. In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired."); *Williams v. Crist*, 230 F. App'x 861, 867 (11th Cir. 2006) ("The *Moore* Court concluded that 'the petitioner's belated appeal motion was not pending during the limitations period' and '[t]he statutory tolling provision does not encompass a period of time in which a state prisoner does not have a 'properly filed' post-conviction application actually pending in state court.' [321 F.3d] at 1381. Since the one-year limitations period had already elapsed, the *Moore* Court concluded that Moore's

---

[7] "Subject to the limitations of Rule 32.2, any defendant who has been convicted of a criminal offense may institute a proceeding in the court of original conviction to secure appropriate relief on the ground that: The petitioner failed to appeal within the prescribed time from the conviction or sentence itself or from the dismissal or denial of a petition previously filed pursuant to this rule and that failure was without fault on the petitioner's part." Ala. R. Crim. P. 32.1(f).

8

motions for belated appeal could not revive or restart his AEDPA clock. *Id.* Further, the filing of a belated appeal motion outside the limitations period, even if granted by the state court, cannot erase the time period when nothing was pending before the state court. *Id.*"); *Bernadeu v. McNeil,* 432 F. App'x 823, 824 (11th Cir. 2011) (*per curiam*) ("[I]f a petition for belated appeal is filed after the § 2244 statute of limitations has expired, 'it does not reset or restart the statute of limitations.' " (quoting *Moore v. Crosby,* 321 F.3d at 1381);[8] *McMillan v. Sec'y for Dep't of Corr.,* 257 F. App'x 249, 253 (11th Cir. 2007) (*per curiam*) ("Other circuits have concluded that a post-conviction motion is not pending under § 2244(d)(2) between the time that the period to file a timely appeal expires and the filing of a petition for belated appeal. Like these other circuits, we reject the argument that a state post-conviction motion remains 'pending' after the standard time to file an appeal expires merely because a state provides a procedure for seeking an out-of-time appeal in special circumstances or because a state court ultimately grants a petition for an out-of-time appeal." (citations and footnote omitted)).

Gaston did not file his present federal habeas petition until January 5, 2012, approximately two years after the filing of his second Rule 32 petition, at which time Gaston's AEDPA clock had already run. Thus, Gaston's habeas petition (Doc. 1) is clearly untimely. [9]

---

[8] The *Bernadeu* court also noted that, "[c]ontrary to Bernadeu's suggestion, *Moore* is still good law" and "remains binding on" the Eleventh Circuit in spite of certain Supreme Court decisions handed down subsequent to *Moore.* 432 F. App'x at 824.

[9] Even assuming that Gaston's "Motion for Due Process of Law on Appeal," asserting that Gaston had timely appealed the denial of his first Rule 32 petition, had served to toll some

9

Nevertheless, "[i]f a defendant files a petition for a federal writ of habeas corpus beyond the one-year limitation period, the district court may still review an untimely petition filed by a petitioner entitled to equitable tolling. As the Supreme Court has explained, the time period specified in 28 U.S.C. § 2244 is a statute of limitations, not a jurisdictional bar, and Section 2244 does not bar the application of equitable tolling in an appropriate case." *San Martin*, 633 F.3d at 1267 (citing *Holland v. Florida*, 560 U.S. 631, 645 (2010)). "The Supreme Court recently reaffirmed, however, that 'a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.' " *Id.* (quoting *Holland*, 560 U.S. at 649). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." *Id.* at 1268.

In response to the undersigned's order to show cause why his petition should not be dismissed as time-barred, Gaston filed a document entitled "Petitioner for Innocent" (Doc. 28), in which he states:

> In the State of "ALABAMA" Mr. Gaston is incompetent for any action…At the time of this crime their [sic] was no evidencs [sic] or D.N.A taken to prove Mr. Gaston had comment [sic] this crime; If you check the evidencs [sic] and Mr. Gaston Mental Health; Mental Repardation for the State of Alabama, you will see that Mr. Gaston is innocent….In 2010 The State vs. Fred A. Thompson with the same crime the evidencs in this case prove

---

of the time between Gaston's first and second Rule 32 petitions, Gaston's habeas petition is still clearly untimely. Gaston's third Rule 32 petition was denied on October 26, 2010. Gaston did not appeal that decision. Thus, the denial of Gaston's third Rule 32 petition became final on December 8, 2010 – the day after Gaston's 42-day window to appeal that decision expired. Gaston did not file the present habeas petition until January 5, 2012 – 393 days after the denial of his third Rule 32 petition became final.

> that Mr. Thompson was innocent. So please check all evidencs [sic]. Mr. Gaston had a paid Att. Mr. Carter that told him to be quit [sic] that he would get out in 18 months but it did not happen. And when Mr. Gaston said he don't understand, Mr. Carter went on and let the courts do as the please….If you check the evidenc you will see that Mr. Gaston is innocent.

(Doc. 28 at 1-2).

The Supreme Court has recently held that a petitioner's showing of "actual innocence" can overcome the expiration of AEDPA's statute of limitations. *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013). *Accord, e.g., Tamayo v. Stephens*, 740 F.3d 986, 990 (5th Cir. 2014) (*per curiam*) ("In [*McQuiggin v.* ]*Perkins* the Court concluded that a properly supported claim of actual innocence of the crime charged could excuse the failure to comply with the statute of limitations of the Anti–Terrorism and Effective Death Penalty Act ('AEDPA') for a first-time habeas petition."). The Court "caution[ed], however, that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.' " *McQuiggin*, 133 S. Ct. at 1928 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). *See also Gore v. Crews*, 720 F.3d 811, 817 (11th Cir. 2013) (*per curiam*) ("*McQuiggin*…hold[s] that there is an 'equitable exception' to the statute of limitations applicable to habeas claims, 28 U.S.C. § 2244(d), but only when the petitioner presents new evidence that 'shows it is more likely than not that no reasonable juror would have convicted the petitioner.' *Id.* at 1931, 1933 (alteration and quotation marks omitted)."). The Court "stress[ed]…that the *Schlup* standard

11

is demanding" and that "[t]he gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *McQuiggin*, 133 S. Ct. at 1936 (quoting *Schlup*, 513 U.S. at 316).

Gaston's claim of actual innocence fails because he has not presented, or even alleged the existence of, new evidence of such a caliber demanded by *McQuiggin* and *Schlup*. Gaston has also not shown that he is entitled to any sort of equitable tolling because he has made no showing of an "extraordinary circumstance [that ]stood in his way and prevented timely filing." Accordingly, the undersigned **RECOMMENDS** that Gaston's habeas petition (Doc. 1) be **DISMISSED with prejudice** as time-barred.

### III. <u>Certificate of Appealability</u>

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the undersigned **RECOMMENDS** that a certificate of appealability in this case be **DENIED**. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §

12

2243(c)(2).  Where, as here, a habeas petition/motion seeking leave to file a successive petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether  (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted and punctuation modified)).).  In the present action, Gaston's habeas petition is unquestionably time-barred under AEDPA, and he has indisputably failed to demonstrate either entitlement to equitable tolling of the statute of limitations or actual innocence excusing the expiration of the statute of limitations.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.  *See, e.g.*, *Brightwell v. Patterson*, No. CA 11-0165-WS-C, 2011 WL 1930676, at *6 (S.D. Ala. Apr. 11, 2011), *report & recommendation*

*adopted*, 2011 WL 1930662 (S.D. Ala. May 19, 2011)[10]; *Griffin v. DeRosa*, No. 3:10cv342/RV/MD, 2010 WL 3943702, at *4 (N.D. Fla. Sep. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth*, 2010 W: 3943699 (N.D. Oct. 5, 2010).

## IV. Appeal *In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C.A. § 1915(a)(3). A district court's finding "that an appeal would not be in good faith because no certificate of appealability had been issued . . . is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding . . . [T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d 626, 631-32 (7th Cir. 2000). See also Weaver v. Patterson, Civ. A. No. 11-00152-WS-N, 2012 WL 2568218, at *7 (S.D. Ala. June 19, 2012) (Nelson, M.J.), report and recommendation adopted, Civ. A. No. 11-00152-WS-N, 2012 WL 2568093 (S.D. Ala. July 3, 2012) (Steele, C.J.) ("An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); see Fed. R. App. P. 24(a)(3)(A); Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000) (concluding that

---

[10] It should be noted that in that proceeding, the Eleventh Circuit (Judge Hull) also denied the petitioner's motion for certificate of appealability on October 11, 2011. (*See* Doc. 14 in CA-11-0165-WS-C.)

14

'good faith' is 'an objective concept' and that 'not taken in good faith' is 'a synonym for frivolous'); DeSantis v. United Techs, Corp., 15 F. Supp. 2d 1285, 1288–89 (M.D. Fla. 1998) (stating that good faith 'must be judged by an objective, not a subjective, standard' and that an appellant 'demonstrates good faith when he seeks appellate review of any issue that is not frivolous'). An appeal filed *in forma pauperis* is frivolous if 'it appears that the Plaintiff has little to no chance of success,' meaning that the 'factual allegations are clearly baseless or that the legal theories are indisputably meritless.' Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993)."). But see, e.g., United States v. McCray, No. 4:07CR20-RH, 2012 WL 1155471, at *2 (N.D. Fla. Apr. 5, 2012) ("Because the defendant has not obtained—and is not entitled to—a certificate of appealability, any appeal by the defendant will not be taken in good faith. I certify under Federal Rule of Appellate Procedure 24(a) that any appeal will not be taken in good faith and that the defendant is not otherwise entitled to proceed *in forma pauperis* on appeal.").

In light of the above-stated reasoning, the undersigned **RECOMMENDS** that the Court certify that any appeal by Gaston in this action would be without merit and therefore not taken in good faith and, accordingly, find that Gaston is not entitled to appeal *in forma pauperis*.

V. Conclusion

In accordance with the above-stated reasoning, the undersigned Magistrate Judge **RECOMMENDS** that Gaston's habeas corpus petition (Doc. 1) be **DISMISSED with prejudice** as time-barred, and that the Court find that he is

15

not entitled to a certificate of appealability or to appeal *in forma pauperis*.

## VI. Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. The Clerk of Court is **DIRECTED** to serve a copy of this report and recommendation on Gaston at Elmore Correctional Facility, 3520 Marion Spillway Rd., Elmore, AL 36025 (*see supra*, n.1).

Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 4th day of August 2014.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**